IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-15-FL

| | |
|---|---|
| ALLAN LEE MCDOWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN INGRAM, *in his official*<br>*capacity as Sheriff of Brunswick*<br>*County*; JOHN HOLMAN, *in his*<br>*individual and official capacity as a*<br>*Deputy for the Brunswick County*<br>*Sheriff's Department*; MARK<br>FRANCISCO, *in his individual and*<br>*official capacity as a Deputy for the*<br>*Brunswick County Sheriff's*<br>*Department*; and WESTERN SURETY<br>COMPANY, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on defendant Mark Francisco's motion to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 9). The issues raised have been briefed fully and in this posture are ripe for ruling. For the reasons that follow the court grants the motion.

**STATEMENT OF THE CASE**

Plaintiff filed this civil rights suit against all defendants in Brunswick County Superior Court on September 8, 2015. As relevant to the instant motion, plaintiff asserts against defendant Francisco, in both his individual and official capacities, a claim for negligent misrepresentation under North Carolina law.

Defendants timely removed this case to this court on February 1, 2016, pursuant to 28 U.S.C. § 1441 and § 1446. Defendants invoked this court's federal question jurisdiction, 28 U.S.C. § 1331, on the basis of several, at the moment irrelevant, claims asserted against other defendants pursuant to 42 U.S.C. § 1983.

Shortly after removal, defendant Francisco filed the instant motion to dismiss. Defendant Francisco argues that plaintiff's negligent misrepresentation claim should be dismissed against him in both his individual and official capacities. As defendant Francisco's argument relates to plaintiff's individual-capacity claim, defendant Francisco contends that plaintiff has failed to plead sufficient facts to circumvent his "public officer's immunity." As defendant Francisco's argument addresses plaintiff's official-capacity claim, defendant Francisco maintains that claim should be dismissed as "duplicative" of plaintiff's negligent misrepresentation claim asserted against defendant John Ingram, Brunswick County's elected Sheriff.

## STATEMENT OF FACTS

On September 22, 2015, plaintiff was arrested, under circumstances not relevant to the instant motion, by a Brunswick County Sheriff's Deputy. (Compl., DE 1-2, ¶¶10, 17–22). Plaintiff was taken to the Brunswick County detention facility where he was charged with "resist, delay, and obstruct" and released on an unsecured bond. (Id. ¶22). During the arrest, plaintiff suffered several injuries, including one to his ankle. (Id. ¶23).

As relevant to the instant motion, believing he had done nothing wrong, on September 23, 2012, plaintiff contacted the Brunswick County Sheriff's Office to complain about the circumstances of his arrest. (Id. ¶26). The next day, defendant Francisco, a sergeant with the Brunswick County Sheriff's Office in its "Internal Affairs" unit, along with other supervisory

officers, came to visit plaintiff at his home in connection with an investigation into the circumstances of his arrest. (Id. ¶¶27–28). While at plaintiff's home, those officers "determined that [plaintiff] had done nothing wrong and assured [him] that [his wrongful arrest] would be addressed immediately." (Id. ¶28; see also id. ¶¶26–27). Before the officers left, defendant Francisco "asked [plaintiff] 'what he needed out of this.'" (Id. ¶28). Plaintiff informed defendant Francisco that he recently had accepted a job in the "nuclear industry," which required a security clearance; that he "would [be] submitting to a background check" for his new job; and that he "needed to ensure that [the arrest] did not show up on his record." (Id. ¶29). Defendant Francisco "said he would check [into] the matter and follow up with [plaintiff]." (Id. ¶30).

On September 25, 2012, "[defendant] Francisco contacted [plaintiff] and informed him that the charge against [him] had been dismissed." (Id. ¶31). In addition, defendant Francisco "asked to meet with [plaintiff] to provide a copy of the dismissal." (Id.). The next day, plaintiff and defendant Francisco met. (Id. ¶32). During that meeting, defendant Francisco informed plaintiff that "he 'did not have to report' the arrest and that it was a 'no, nevermind, act like it never happened' [situation]." (Id.).

Following that meeting, plaintiff submitted to a background investigation in connection with his new job in the nuclear industry. (See id. ¶35). During the course of that background investigation plaintiff specifically was asked if he had ever been arrested. (Id.). Plaintiff had been arrested neither prior to September 22, 2012, nor after that date. (See id. ¶34). Further, based on defendant Francisco's representation to plaintiff that "he 'did not have to report' the arrest" and characterization of the arrest as a "no, nevermind, act like it never happened" situation, plaintiff

3

believed he had not been arrested on September 22, 2012. (Id. ¶35; see also id. ¶32). Accordingly, plaintiff responded "no." (Id. ¶35).

Unfortunately for plaintiff, contrary to defendant Francisco's assertions, plaintiff's arrest "had been added to his record even though the charge had been dismissed immediately." (Id. ¶36). As a result of this discrepancy, plaintiff failed his background investigation, "was denied [a] security clearance[,] and immediately [was] terminated from his job in the nuclear industry." (Id. ¶37). Plaintiff's failed background investigation will have lasting ramifications; he is barred from reapplying for a security clearance for a period of three years, "effectively preventing [him] from working in the nuclear industry for [that time]." (See id.).

Once plaintiff was informed he had failed his background investigation, he set about trying to have the result "reversed." (Id. ¶38). As part of this effort, plaintiff reached out to defendant Francisco and other supervisory officers at the Brunswick County Sheriff's Office. (Id. ¶39). During a later conversation with defendant Francisco, he again told plaintiff that "the arrest was to be treated like a 'no, nevermind' [situation]." (Id.). Another supervisory officer, however, said that there had been a "misunderstanding" about what that meant. (Id.).

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

4

Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B. Analysis

    1. Individual Capacity

Defendant Francisco first moves to dismiss plaintiff's negligent misrepresentation claim insofar as it is asserted against him in his individual capacity. Defendant Francisco relies on public officer's immunity. To survive a motion to dismiss based on public officer's immunity, plaintiff must plead sufficient facts to overcome that immunity. See Farrell v. Transylvania Cty. Bd. of Educ., 175 N.C. App. 689, 696–97 (2006); Dalenko v. Wake Cty. Dep't of Human Servs., 157 N.C. App. 49, 56 (2003).

Public officer's immunity protects a public officer against individual liability so long as he "lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption." Smith v. State, 289 N.C. 303, 331 (1976). In other words, a public officer may not be sued in his individual capacity unless the challenged action was 1) outside the scope of his authority, 2) malicious, or 3)

5

corrupt. See id.; Wilcox v. City of Asheville, 222 N.C. App. 285, 288 (2012). In this case, plaintiff maintains that defendant Francisco acted with "malice" when he told plaintiff that he did not need to disclose his September 22, 2012, arrest in connection with his employer's background investigation.

A public officer "acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty." Grad v. Kaasa, 312 N.C. 310, 313 (1984).[1] An act is "wanton" where "it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." Id. Thus, to circumvent defendant Francisco's public officer's immunity, plaintiff must plead sufficient facts to show that he needlessly disregarded plaintiff's rights and should have known his statement concerning plaintiff's need to report his September 22, 2012, arrest was false. See Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 206 (1988) ("The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care.").

Plaintiff has failed to plead sufficient facts to plausibly suggest defendant Francisco should have known his statement was false. Plaintiff alleges defendant Francisco knew plaintiff would rely on his statement in connection with plaintiff's pre-employment background investigation. Plaintiff also alleges defendant Francisco's falsely told him he "did not have to report" the arrest without ensuring the veracity of that statement. Even so, neither of those facts allow the court to infer that defendant Francisco should have known his statement was false. In addition, the court is unwilling to infer defendant Francisco's constructive knowledge of all police procedures and protocols,

---

[1] Public officer's immunity also requires a plaintiff to show that the defendant intended the harm. See Grad, 312 N.C. at 313. That element is not relevant to the court's discussion.

including the reporting of arrests to third parties, simply because of his position within the Sheriff's Department.

Defendant Francisco's knowledge that plaintiff was relying on his representation, by itself, is not a sufficient basis upon which to find "malice." That knowledge arguably aligns more closely with the "wanton" aspect of "malice." See Grad, 312 N.C. at 313. However, a "wanton" act is not necessarily enough to circumvent public officer's immunity; that act also must be one that a reasonable person would know to be contrary to his duty. Id. In this case, plaintiff maintains defendant Francisco had a duty to provide him with truthful information. The facts alleged do not suggest that defendant Francisco should have known his false representation violated that duty.

Similarly, merely providing false information is not "malicious." Public officer's immunity "contemplates that law enforcement officials will make the occasional mistake." Lea v. Kirby, 171 F. Supp. 2d 579, 583 (M.D.N.C. 2001) (citing Malley v. Briggs, 475 U.S. 335, 343 (1986)) (discussing qualified immunity); id. at 584 (applying same reasoning to public officer's immunity). Applying plaintiff's understanding of public officer's immunity would transform almost any false statement made by a public officer into a source of liability. However, not every false statement is one the speaker should know is false. Moreover, other public officer's immunity cases dealing with false statements also support this conclusion. For example, in the realm of libel and slander the mere fact that a public officer made a false statement does not override her immunity from suit. See Dempsey v. Halford, 183 N.C. App. 637, 641–42 (2007); see also Clark v. Brown, 99 N.C. App. 255, 263 (1990) (holding failure to show "malice" bars recovery even if communication is false; applying qualified privilege).

In sum, plaintiff's claim against defendant Francisco in his individual capacity must be dismissed. Public officer's immunity "contemplates that law enforcement officials will make the occasional mistake." Lea, 171 F. Supp. 2d at 583–84. Circumventing that immunity is easy in cases where the plaintiff claims the public officer's conduct "violate[s] [his] clearly established [constitutional] rights," Bailey v. Kennedy, 349 F.3d 731, 742 (4th Cir. 2003), or when the plaintiff asserts one of several intentional tort claims recognized under North Carolina law. See, e.g., Maney v. Fealy, 69 F. Supp. 3d 553, 564–65 (M.D.N.C. 2014) (recognizing public officer's immunity does not cover most intentional torts). However, where a plaintiff does not allege that the public officer violated his constitutional rights, or where a plaintiff strays into the realm of negligence, "malice" becomes more difficult to plead. Here, plaintiff has not met that burden.

2. Official Capacity

Defendant Francisco also moves to dismiss plaintiff's negligent misrepresentation claim asserted against him in his official capacity. According to defendant Francisco that claim should be dismissed because it is duplicative of plaintiff's negligent misrepresentation claim interposed against defendant Ingram, the elected sheriff. In response, plaintiff consents to the dismissal of his negligent misrepresentation claim insofar as he asserts it against defendant Francisco in his official capacity. Accordingly, plaintiff's negligent misrepresentation claim asserted against defendant Francisco in his official capacity should be dismissed.

**CONCLUSION**

Based on the foregoing, the court GRANTS defendant Francisco's motion to dismiss all claims against him in his individual and official capacities for failure to state a claim upon which relief can be granted, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 9). Plaintiff's

8

negligent misrepresentation claim asserted against defendant Francisco in his individual capacity is DISMISSED. In addition, plaintiff's negligent misrepresentation claim asserted against defendant Francisco in his official capacity is DISMISSED.

    SO ORDERED, this the 26th day of July, 2016.

                                              LOUISE W. FLANAGAN
                                              United States District Judge